IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM J. BUCK, #R-21689, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 12-cv-911-JPG |
| | ) |
| LT. LASHBROOK, and LT. MIFFLIN, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for case management. On August 15, 2012, following the Memorandum and Order entered in *Buck v. Hartman*, Case No. 12-273-JPG (Doc. 1 in the instant case), this matter was severed from the original case. In order for Plaintiff's retaliation claim to proceed against Defendants Mifflin and Lashbrook, service must be accomplished.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall prepare for Defendants **MIFFLIN** and **LASHBROOK** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Orders at Doc. 1 and Doc. 3, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the

judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding any grant of an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **REMINDED** that if he is unable to pay the $350.00 filing fee in full for this new case, he shall file a Motion for Leave to Proceed *In Forma Pauperis* (IFP) in this case, on or before **September 4, 2012**.  Plaintiff shall disregard the 30-day deadline referenced in the August 15, 2012, letter from the Clerk of Court.  Failure to either pay the filing fee for this action or file a Motion for Leave to Proceed *In Forma Pauperis* may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).  Further, the obligation to pay the filing fee for this case was incurred when the action was opened, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

Plaintiff is **ADVISED** that if he makes application under 28 U.S.C. § 1915 for leave to proceed in this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney shall be deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 22, 2012**

    *s/J. Phil Gilbert*
**United States District Judge**